HOWLAND (RENNER v.). See Case No. 11,700.

## Case No. 6,800.

### HOWLAND et al. v. SOULE.

[Deady, 413.] 1

Circuit Court, D. California. April 16, 1868.

TAXES—SUIT TO RESTRAIN COLLECTION.

Section 10 of the act of March 2, 1867 (14 Stat. 152), amends section 19 of the act of July 13, 1866 (14 Stat. 475), by adding thereto as follows: "And no suit for the purpose of restraining the assessment or collection of tax shall be maintained in any court." Held, that this prohibition included a suit to restrain the collection of any sum by authority of the United States, having the form and color of a tax, by any means authorized by law for the collection of taxes.

[Cited in Alkan v. Bean, Case No. 202; Kensett v. Stivers, 10 Fed. 522; Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 160.]

[Certiorari to the Fourth district court of the state of California.

[This was a bill in equity by William H. Howland, Horace B. Angell, Irwin T. King, and Cyrus Palmer against Frank Soule, as collector of internal revenue, to enjoin him from the collection of certain taxes.]

1 [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

George Turner, for complainants.
R. F. Morrison, for defendant.

DEADY, District Judge. The complainants are the proprietors of the Miners' Foundry, in San Francisco. The defendant is the collector of internal revenue for this district. From September, 1862, until October, 1865, the complainants, as manufacturers, made monthly returns, and paid the taxes levied upon such returns. About October 1, 1865, the assessor for the district went upon the premises of the complainants, and upon an examination of their books and materials, determined that their returns, anterior to that time, were false; and thereupon said assessor made a re-assessment of their manufactures for the period between September, 1862, and October, 1865. The taxes levied upon this assessment, and the penalties for the prior fraudulent returns (amounting in round numbers to $20,000), were delivered to the defendant for collection. The defendant gave notice to the complainants that unless the amount was paid, he should proceed to collect the same by distraint of their property as provided by law. On October 10, 1867, the complainants commenced this suit in the Fourth district court of the state, to enjoin the defendant from collecting the tax by distraint. On petition to this court by defendant, the cause was removed here—October 14, 1867—by certiorari. In the meantime a preliminary injunction was allowed in the state court, which injunction was subsequently continued in this court, by order of the district judge. The cause has been heard on bill and answer, by consent of parties. The complaint alleges that the returns of the complainants were correct and accepted by the assistant assessor then in office and authorized to receive the same; and also that the question of their correctness has been adjudicated in an action by the United States against the complainants for sundry penalties, alleged to have been incurred by complainants, on account of the incorrectness of such returns. The answer denies the correctness of the returns, and avers that they were false and fraudulent; and also that the additional assessment was correct and made in pursuance of law. For the purposes of the hearing, the answer is taken to be true. In the course of the argument various questions were discussed by counsel which I do not deem necessary to consider.

By section 10 of the act of March 2, 1867 (14 Stat. 152), section 19 of the act of July 13, 1866 (14 Stat. 475), is amended by adding thereto as follows: "And no suit for the purpose of restraining the assessment or collection of tax shall be maintained in any court." In my judgment this clause prohibits the maintenance of this suit. I cannot see how it can be otherwise construed. Counsel for the complainants admits the statute and its validity, but seeks to avoid its application to this case. His argument is twofold, and may be briefly stated thus: I. This is an illegal tax, and therefore no tax. A suit to enjoin the collection of this demand is therefore not a suit to restrain the collection of a tax. II. This suit is not brought to restrain the collection of a tax, but only to prevent its collection by force—without action—by distraint. Admitting that a court might determine this tax to be illegal or erroneous, it does not follow that a suit to restrain its collection is not within the prohibition of the statute. The object of the statute is to prevent the assessment and collection of the public revenue from being hindered or delayed by judicial proceedings, at the instigation and upon the representation of parties interested to avoid or resist the payment of taxes. The statute would be wholly inadequate to that object, if such parties were allowed to maintain suits to enjoin the collection of a tax, because, as they say, the proceedings in the revenue department were erroneous or illegal. A person not pleased with a tax will readily conclude that it is illegal or erroneous, and a suit for injunction follows. His neighbor soon catches the infection, and the result would be that the wheels of government would be stopped by injunction and revenue would cease to flow into its treasury. "To tax and to please, no more than to love and be wise, is not given to man." The statute prohibits all suits to enjoin the collection of a tax, and leaves the person who considers himself aggrieved by the collection thereof to the ordinary and usual remedy—an action at law to recover back the amount paid. This is a tax within the meaning of the statute. It has the form and color of a tax. It was assessed upon manufactured articles liable to a duty, by a person in office and clothed with authority over the subject matter. The tax has come to the defendant for collection, in due course of office and from the proper authority. The defendant is the person authorized to collect such taxes, and by the means proposed—the seizure and sale of the complainants' property.

As to the second branch of the argument for the complainants, little need be said. The mere statement of it, appears to me, to be a sufficient refutation of it. It assumes that to prevent the defendant from using the specific means provided by law for the collection of a delinquent tax, is not restraining the collection of that tax. The defendant is not authorized to collect the tax by action except in special cases upon the express directions of the revenue bureau. But if it was entirely optional with the defendant, whether to collect by distraint or suit, to enjoin him in the use of either would be contrary to the manifest spirit and purpose of this statute. There must be a decree dismissing the bill and for costs and expenses.

[For a decision under the nineteenth section of the act of July 13, 1866, see Hendy v. Soule, Case No. 6,359.]